**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
CRESCENCIO VILLALOBOS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CRESCENCIO VILLALOBOS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DOWNEY GRINDING CO.; LARRY SEQUEIRA; DARLA SEQUEIRA; and DOES 1 to 10 inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>COMPLAINT FOR:<br>1. Breach of Fiduciary Duties (29 U.S.C. § 1104(a))<br>2. Prohibited Fiduciary Self-Dealing (29 U.S.C. § 1106(b))<br>3. Failure to Make Minimum Contributions (29 U.S.C. § 1082)<br>4. Failure to Provide Notice of Plan Termination (29 U.S.C. § 1054(h))<br>5. Failure to Provide Pension Benefit Statements (29 U.S.C. § 1025(a))<br>6. Failure to Provide Notice of Minimum Funding Failure (29 U.S.C. § 1021(d)) |

Plaintiff Crescencio Villalobos ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, on behalf of the Downey Grinding Co., Inc. Money Purchase Pension Plan ("the Pension Plan") and the Downey Grinding Co., Inc. Stock Bonus Plan ("the Profit Sharing Plan") (collectively referred to as "the Plans") and seeks equitable and other non-compensatory relief pursuant to 29 U.S.C. §§ 1132(a)(2), (a)(3), (c)(1), and (c)(3).

## JURISDICTION

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because 29 U.S.C. § 1132(e)(1) provides that federal district courts shall have exclusive jurisdiction of ERISA actions for equitable and other non-compensatory relief.

## VENUE

3. This action may be brought in this judicial district under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because the Plans are administered here, the breaches took place here, and all Defendants reside here.

## PARTIES

4. Plaintiff is a former employee of Defendant Downey Grinding Co. and a current participant and beneficiary of the Plans entitled to future benefits.

5. Defendant Downey Grinding Co. is a privately held corporation located in Downey, California and the sole sponsor and administrator of the Plans.

6. Defendant Larry Sequeira, a resident of Yorba Linda, California, is the former president of Defendant Downey Grinding Co. and is the sole trustee of the Pension Plan and a co-trustee of the Profit Sharing Plan.

7. Defendant Darla Sequeira, a resident of Yorba Linda, California, is the former secretary of Defendant Downey Grinding Co. and, along with Defendant Larry Sequeira, a co-trustee of the Profit Sharing Plan.

8. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names. Plaintiff alleges that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that the ERISA violations as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9. Plaintiff alleges that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10. Defendants Downey Grinding Co., Larry Sequeira, Darla Sequeira, and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. The Pension Plan is a defined contribution individual account plan sponsored and administered by Defendant Downey Grinding Co. The Pension Plan is subject to the minimum funding requirements of section 302 of ERISA, 29 U.S.C. § 1082, and is governed by Title I of ERISA.

12. The Profit Sharing Plan is a defined contribution individual account plan sponsored and administered by Defendant Downey Grinding Co. The Profit Sharing Plan is not subject to the minimum funding requirements of section 302 of ERISA, 29 U.S.C. § 1082, but is otherwise governed by Title I of ERISA.

13. Plaintiff is a participant and beneficiary of both the Pension Plan and the Profit Sharing Plan and is entitled to future benefits under both of the Plans.

14. Participants and beneficiaries of the Plans do not have the right to direct the investment of assets in their individual accounts. Instead, the trustee(s)

of the Plans have the sole authority to direct the investment of the Plans' assets, and the trustee(s) are compensated for their services with assets from the Plans.

15. The annual statements furnished to participants and beneficiaries of the Plans do not include the value of each investment to which assets in their individual accounts have been allocated. Thus, participants and beneficiaries of the Plans have no way of knowing how the trustee(s) of the Plans are investing the assets in their individual accounts.

16. The trustee(s) of the Plans invested a substantial portion of the assets of the Plans in the securities of Defendant Downey Grinding Co., whose shares are not bought or sold on a stock exchange. Because these employer securities are not publicly traded, the trustee(s) of the Plans determine their value. The trustee(s) of the Plans never engaged an independent qualified public accountant to audit the Plans' financial statements.

17. For the fiscal plan year ending May 31, 2015, the trustees of the Profit Sharing Plan, Defendants Larry Sequeira and Darla Sequeira, grossly inflated their valuation of the shares of Defendant Downey Grinding Co. held by the Profit Sharing Plan in order to maximize their own personal distributions from the Profit Sharing Plan upon their impending retirement. Because the trustees of the Profit Sharing Plan failed to engage an independent qualified public accountant to audit their valuation of the employer securities, participants and beneficiaries of the Profit Sharing Plan were never made aware of the inflated valuation.

18. During the fiscal plan year ending May 31, 2016, the trustee of the Pension Plan, Defendant Larry Sequeira, ostensibly terminated the Pension Plan and purported to transfer the assets of the Pension Plan to the Profit Sharing Plan. This was contrary to the terms of the Pension Plan, which require that, upon termination, the assets of the Pension Plan must be distributed to participants and beneficiaries either in a lump sum or in the form of a deferred annuity purchased from an insurance company to guarantee payment of a monthly pension to

participants and beneficiaries upon normal retirement age.

19. No written resolution was ever adopted to formally terminate the Pension Plan and no written notice of the Pension Plan's ostensible termination was ever provided to participants and beneficiaries of the Pension Plan. Defendant Downey Grinding Co. ceased making required employer contributions to the Pension Plan on or about June 1, 2015, but never provided notice to participants and beneficiaries of the Pension Plan of its failure to make employer contributions.

20. During the fiscal plan year ending May 31, 2017, the trustees of the Profit Sharing Plan, Defendants Larry Sequeira and Darla Sequeira, distributed over $1 million in assets from the Profit Sharing Plan to beneficiaries, including themselves, based on their inflated valuation of the employer securities.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTIES
## 29 U.S.C. § 1104(a)

21. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

22. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).

23. Defendants breached their fiduciary duties of loyalty to the Plans by failing to discharge their duties solely in the interests of the participants and beneficiaries of the Plans in violation of 29 U.S.C. § 1104(a)(1)(A).

24. Defendants breached their fiduciary duties of prudence to the Plans by failing to discharge their duties with the care, skill, prudence, and diligence of a prudent person in violation of 29 U.S.C. § 1104(a)(1)(B).

25. Defendants breached their fiduciary duties of diversification to the Plans by failing to diversify the investments of the Pension Plan assets so as to minimize the risk of loss in violation of 29 U.S.C. § 1104(a)(1)(C).

///

26. Defendants breached their fiduciary duties to the Plans by failing to discharge their duties in accordance with the documents and instruments governing the Plans in violation of 29 U.S.C. § 1104(a)(1)(D).

27. As a result of their breaches of fiduciary duties, Defendants caused the Plans, of which they are fiduciaries, to suffer financial losses for which Defendants are personally, jointly, and severally liable to the Plans pursuant to 29 U.S.C. § 1105(a) and 29 U.S.C. § 1109(a).

## SECOND CAUSE OF ACTION
## PROHIBITED SELF-DEALING
## 29 U.S.C. § 1106(b)

28. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

29. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).

30. Defendants Larry Sequeira and Darla Sequeira engaged in prohibited self-dealing when they dealt with the assets of the Plans in their own interests and for their own accounts in violation of 29 U.S.C. § 1106(b)(1).

31. Defendants Larry Sequeira and Darla Sequeira engaged in prohibited self-dealing when they received consideration for their own personal accounts in connection with transactions involving the assets of the Plans in violation of 29 U.S.C. § 1106(b)(3).

32. As a result of these prohibited self-dealing transactions, Defendants caused the Plans, of which they are fiduciaries, to suffer financial losses for which Defendants are personally, jointly, and severally liable to the Plans pursuant to 29 U.S.C. § 1105(a) and 29 U.S.C. § 1109(a).

///
///
///

## THIRD CAUSE OF ACTION

## FAILURE TO MAKE MINIMUM CONTRIBUTIONS

## 29 U.S.C. § 1082

33. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

34. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).

35. Defendant Downey Grinding Co., as employer, is required by section 302 of ERISA, 29 U.S.C. § 1082, to make minimum contributions to the Pension Plan.

36. Defendants breached their fiduciary duties to the Pension Plan by ostensibly terminating the Pension Plan without adopting a written resolution to formally terminate the Pension Plan.

37. Defendants breached their fiduciary duties to the Pension Plan by failing to provide written notice of the Pension Plan's termination to participants and beneficiaries of the Pension Plan.

38. Defendants breached their fiduciary duties to the Pension Plan by transferring the assets of the Pension Plan to the Profit Sharing Plan contrary to the terms of the Pension Plan requiring the assets to be distributed to participants and beneficiaries either in a lump sum or in the form of a deferred annuity purchased from an insurance company to guarantee payment of a monthly pension upon normal retirement age.

39. As a result of their breaches of fiduciary duties, Defendants caused Defendant Downey Grinding Co. to cease making minimum contributions to the Pension Plan and prevented participants and beneficiaries from receiving distributions of Pension Plan assets. Defendants are personally, jointly, and severally liable to the Plans for these breaches pursuant to 29 U.S.C. § 1105(a) and 29 U.S.C. § 1109(a).

# FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE NOTICE OF PLAN TERMINATION
### 29 U.S.C. § 1054(h)
### (AGAINST DEFENDANT DOWNEY GRINDING CO. ONLY)

40. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

41. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(a)(3).

42. Defendant Downey Grinding Co., as administrator of the Pension Plan, failed to give written notice to Pension Plan participants and beneficiaries before the effective date of the amendment to terminate the Pension Plan in violation of 29 U.S.C. § 1054(h).

43. Defendant Downey Grinding Co.'s failure to provide such written notice was egregious within the meaning of 29 U.S.C. § 1054(h) because it was either an intentional failure or an unintentional failure that resulted in most of the individuals not being provided most of the information they were entitled to receive.

44. As a result of Defendant Downey Grinding Co.'s egregious failure, the Pension Plan is entitled, pursuant to 29 U.S.C. § 1054(h), to recover the payments participants and beneficiaries would have received under the Pension Plan without regard to the amendment ostensibly terminating the Pension Plan.

# FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE PENSION BENEFIT STATEMENTS
### 29 U.S.C. § 1025(a)
### (AGAINST DEFENDANT DOWNEY GRINDING CO. ONLY)

45. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

///

46. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(c)(1).

47. Defendant Downey Grinding Co., as administrator of the Plans, failed to provide participants and beneficiaries of the Plans with pension benefit statements in accordance with the requirements of 29 U.S.C. § 1025(a) because the statements it did provide failed to include the value of each investment to which assets in the Plans' individual accounts had been allocated, including the value of any assets held in the form of employer securities, in violation of 29 U.S.C. § 1025(a)(2)(B).

48. Pursuant to 29 U.S.C. § 1132(c)(1), the Plans seek to recover an amount of up to $100 a day from the date of each such failure for each participant and beneficiary of the Plans.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE NOTICE OF MINIMUM FUNDING FAILURE
## 29 U.S.C. § 1021(d)
## (AGAINST DEFENDANT DOWNEY GRINDING CO. ONLY)

49. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

50. Plaintiff brings this cause of action on behalf of the Plans pursuant to 29 U.S.C. § 1132(c)(3).

51. Defendant Downey Grinding Co., as employer, failed to notify each Pension Plan participant and beneficiary of its failures to make payments required to meet the minimum funding standard of 29 U.S.C. § 1082, in violation of 29 U.S.C. § 1021(d).

52. Pursuant to 29 U.S.C. § 1132(c)(3), the Plans seek to recover an amount of up to $100 a day from the date of each such failure for each participant and beneficiary of the Pension Plan.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That the Court order each of the Defendants, personally, jointly and severally, to restore any and all losses caused to the Plans as a result of their fiduciary breaches;

2. That the Court order each of the Defendants, personally, jointly and severally, to disgorge to the Plans any and all unjust enrichment they received as a result of their fiduciary breaches;

3. That the Court order each of the Defendants, personally, jointly and severally, to disgorge to the Plans any and all profits or ill-gotten gains they made as a result of their improper use of assets of the Plans;

4. That the Court order each of the Defendants, personally, jointly and severally, to restore to the Pension Plan any and all minimum contributions that Defendant Downey Grinding Co. failed to make as a result of their fiduciary breaches, plus interest from the dates such contributions were due;

5. That the Court order Defendant Downey Grinding Co. to restore to the Plans the payments participants and beneficiaries would have received without regard to the amendment ostensibly terminating the Pension Plan;

6. That the Court order Defendant Downey Grinding Co. to pay to the Plans an amount of up to $100 a day from the date of each failure to provide each participant or beneficiary of the Plans with the information required to be included in a pension benefit statement;

7. That the Court order Defendant Downey Grinding Co. to pay to the Plans an amount of up to $100 a day from the date of each failure to notify each participant or beneficiary of the Pension Plan of its failure make minimum required contributions to the Pension Plan;

8. That the Court award a reasonable attorney's fee and costs of action to Plaintiff;

9. For such other and further relief that the Court may deem equitable and appropriate.

DATED: January 25, 2019          **HAYES PAWLENKO LLP**

                                             By: /s/Kye D. Pawlenko
                                                    Matthew B. Hayes
                                                    Kye D. Pawlenko
                                                    Attorneys for Plaintiff